IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOHN E. MILLER, :
 :
        Petitioner, :
 :
v. : Civ. Act. No. 14-262-LPS
 :
DAVID PIERCE, Warden, and :
ATTORNEY GENERAL OF THE :
STATE OF DELAWARE, :
 :
        Respondents. :

---

John E. Miller. *Pro Se* Petitioner.

Gregory E. Smith, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

---

**MEMORANDUM OPINION**

March 24, 2017
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 and an Amended Application (hereinafter referred to collectively as "Petition") filed by Petitioner John E. Miller ("Petitioner"). (D.I. 1; D.I. 6) The State has filed an Answer in Opposition. (D.I. 12) For the reasons discussed, the Court will dismiss the Petition as time-barred by the limitations period prescribed in 28 U.S.C. § 2244.

## II. BACKGROUND

Petitioner pled guilty to first degree robbery in April 1998. (D.I. 12 at 1) On August 28, 1998, the Delaware Superior Court sentenced him as a habitual offender to 30 years in prison at Level V, followed by six months at Level IV. (D.I. 12 at 1-2) Petitioner appealed, and the Delaware Supreme Court affirmed his conviction and sentence on August 4, 1999. *See Miller v. State*, 737 A.2d 531 (Table), 1999 WL 636623 (Del. Aug. 4, 1999).

On March 14, 2000, Petitioner filed a Rule 35(a) motion to correct an illegal sentence. (D.I. 14, Del. Super. Ct. Crim. Dkt. Entry No. 90) The Superior Court denied the motion on March 23, 2000. (D.I. 14, Del. Super. Ct. Crim. Dkt. Entry No. 94) Petitioner filed a notice of appeal, and then he voluntarily dismissed it. (D.I. 12 at 2)

Petitioner filed a motion for sentence modification on September 21, 2001. (D.I. 14, Del. Super. Ct. Crim. Dkt. Entry No. 151) The Superior Court denied the motion on September 26, 2011, and Petitioner did not appeal that decision. (D.I. 14, Del. Super. Ct. Crim. Dkt. Entry No. 152)

On July 18, 2002, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 14, Del. Super. Ct. Crim. Dkt. Entry No. 158) The Superior Court denied the motion on December 2, 2002 (D.I. 14, Del. Super. Ct. Crim.

Dkt. Entry No. 169), and the Delaware Supreme Court affirmed that decision on December 23, 2003. *See Miller v. State*, 840 A.2d 1229 (Table), 2003 WL 23018933 (Del. Dec. 23, 2003)(*re-arg't denied* Feb. 9, 2004).

Petitioner filed his second Rule 61 motion on April 5, 2004. (D.I. 14, Del. Super. Ct. Crim. Dkt. Entry No. 179) He requested to withdraw the motion on August 4, 2004, and the Superior Court granted that request on August 30, 2004. (D.I. 14, Del. Super. Ct. Crim. Dkt. Entry Nos. 193, 196)

Petitioner filed his third Rule 61 motion on August 31, 2004 and his fourth Rule 61 motion on December 17, 2004. (D.I. 14, Del. Super. Ct. Crim. Dkt. Entry Nos. 197, 201) The Superior Court denied both motions on December 28, 2004 (D.I. 14, Del. Super. Ct. Crim. Dkt. Entry No. 202), and the Delaware Supreme Court affirmed that decision on July 21, 2005. *See Miller v. State*, 879 A.2d 602 (Table), 2005 WL 1950200 (Del. July 21, 2005).

On October 14, 2005, Petitioner filed his fifth Rule 61 motion. (D.I. 14, Del. Super. Ct. Crim. Dkt. Entry No. 206) The Superior Court denied that motion on January 5, 2006 (D.I. 14, Del. Super. Ct. Crim. Dkt. Entry No. 214), and the Delaware Supreme Court affirmed that decision on May 18, 2006. *See State v. Miller*, 2006 WL 1148679 (Del. Super. Ct. Jan. 5, 2006); *Miller v. State*, 901 A.2d 120 (Table), 2006 WL 1375073 (Del. May 18, 2006).

Between June 9, 2006 and October 6, 2011, Petitioner filed 11 more Rule 61 motions. (D.I. 12 at 3-4) None of them were successful. *Id.*

Petitioner filed a § 2254 Petition in February 2014 and an amended Petition in April 2014. (D.I. 1; D.I. 6) The Petition asserts five claims, alleging that defense counsel provided ineffective assistance with respect to Petitioner's guilty plea. (D.I. 6) The State filed an Answer, asserting that

2

the Petition should be dismissed as time-barred or, alternatively, because the claims asserted therein are meritless. (D.I. 12)

### III. ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996. 28 U.S.C. § 2244(d)(1). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

### IV. DISCUSSION

Petitioner's § 2254 Petition, filed in 2014, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Petitioner does not allege, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D).

3

Given these circumstances, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final 90 days after the state appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Supreme Court affirmed Petitioner's conviction on August 4, 1999, and he did not seek certiorari review. Consequently, his conviction became final on November 2, 1999. Applying the one-year limitations period to that date, Petitioner had until November 2, 2000 to timely file his Petition. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that former Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions); Fed. R. Civ. P. 6(a)(1) (the day of the event that triggers the period is excluded when computing time periods). Petitioner, however, waited until February 11, 2014[1] to file the Petition, approximately three and one-half years after the expiration of the limitations period. Thus, his habeas Petition is untimely, unless the limitations period can statutorily or equitably tolled. *See Jones*, 195 F.3d at 158. The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000); *Price v. Taylor*,

---

[1] Pursuant to the prison mailbox rule, the Court adopts the date on the Petition (February 11, 2014) as the date of filing. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003).

2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). A post-conviction motion that is untimely under state law is not properly filed for § 2244(d)(2) purposes and, therefore, has no statutory tolling effect. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

Here, Petitioner filed a Rule 35(a) motion to correct an illegal sentence on March 13, 2000. The Superior Court denied the motion on March 23, 2000, and although Petitioner appealed that decision, he withdrew the appeal on April 28, 2000. In these circumstances, the Rule 35(a) motion tolled the limitations period from March 14, 2000 through April 28, 2000.

When Petitioner filed his Rule 35(a) motion on March 14, 2000, 132 days of AEDPA's limitations period had already expired. The limitations clock started to run again on April 29, 2000, and ran the remaining 233 days without interruption until the limitations period expired on December 18, 2000. The motion for sentence reduction that Petitioner filed in 2001 and his subsequent Rule 61 motions have no statutory tolling effect because they were filed after the expiration of the limitations period. Consequently, the Petition is time-barred, unless equitable tolling is applicable.

### B. Equitable Tolling

AEDPA's limitations period may be tolled for equitable reasons in appropriate cases. *See Holland*, 560 U.S. at 645. A petitioner can only qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing;"[2] mere excusable neglect is insufficient. *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited the equitable tolling of AEDPA's limitations period to the following circumstances:

---

[2]*Holland*, 560 U.S. at 648.

>   (1) where the defendant (or the court) actively misled the plaintiff;
>
>   (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
>
>   (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones,* 195 F.3d at 159; *Thomas v. Snyder,* 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Petitioner appears to contend that defense counsel's advice that Petitioner had to file a direct appeal and post-conviction motions in the Delaware courts before he could file a § 2254 petition in a federal court constitutes extraordinary circumstances for equitable tolling purposes. (D.I. 1 at 10; D.I. 6 at 13) This argument is unavailing. Defense counsel's advice was correct and did not cause Petitioner's untimely filing. Rather, Petitioner's untimely filing of the instant Petition was due to the fact that he spent a decade filing unnecessary repetitive and frivolous post-conviction motions in the Superior Court. This ten-year period of frivolous filing does not demonstrate that Petitioner exercised reasonable diligence in pursuing his claims.

Petitioner also contends that the Petition should not be time-barred because he is "factually innocent." (D.I. 28 at 6) To the extent Petitioner's assertion of innocence is an attempt to trigger equitable tolling, it fails. Petitioner's unsupported and conclusory assertion of actual innocence does not establish a viable claim of actual innocence and does not warrant equitable tolling, because he admitted during his sentencing hearing that he "committed those crimes ... [and] robbed the bank" (D.I. 12 at 6), and he does not offer any new reliable evidence of his alleged actual innocence, *see Teagle v. DiGuglielmo,* 336 F. App'x 209, 213 (3d Cir. Jun. 11, 2009).

Finally, to the extent Petitioner's untimely filing of the Petition was due to a mistake regarding statutory tolling or the result of a miscalculation regarding the one-year filing period, such

factors do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

For all of these reasons, the Court concludes that the equitable tolling doctrine does not apply in this case. Accordingly, the Court will dismiss the Petition as untimely.[3]

## V. PENDING MOTION

During the pendency of this proceeding, Petitioner filed a document titled "Motion for Summary Judgment" (D.I. 28; D.I. 29; D.I. 30) which, given the arguments contained therein, the Court construed to be a Reply to the State's Answer (D.I. 31). Thereafter, Petitioner filed a "Motion to Clarify [His] Intent [Behind His Motion for Summary Judgment]" (D.I. 32), stating that he "worries that the Court will miss [the] point [that the State Court came to different factual conclusions than a federal court would have] if the Court considers the Petitioner's Motion for Summary Judgment as his Reply." (D.I. 32 at 1) The Court denies the Motion, because Court has considered the arguments in the Motion to Clarify during its review of this Petition. To the extent that the "Motion to Clarify" is a Motion for Reconsideration of the Court's prior Order (D.I. 31), it is denied for the same reason.

## VI. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid

---

[3]Having determined that the Petition is time-barred, the Court will not address the State's other reason for dismissal.

claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that Petitioner's habeas Petition does not warrant relief because it is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## VII.    CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is **DENIED**. An appropriate Order will be entered.